FILED

2006 Mar-29  AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SHARIFA EZEM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CV 05-B-1593-S** |
| | ) |
| **AMERICAN FINANCIAL SERVICES,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on plaintiff's Motion to Abstain and/or

Remand.  (Doc. 5.)  Plaintiff Sharifa Ezem sued defendant American General Finance

Services, Inc., in the Circuit Court of Jefferson County, Alabama, alleging negligence,

negligent supervision, promissory fraud, and breach of contract.  Defendant removed the case

on the ground that this court had jurisdiction over plaintiff's claims because such claims

related to a bankruptcy proceeding.  (Doc. 1 ¶¶ 4-6.)  Thereafter, plaintiff filed her Motion

to Abstain and/or Motion to Remand.  (Doc. 5.)  Upon consideration of the record, the

submissions of the parties, the arguments of counsel , and the relevant law, the court is of the

opinion that defendant's Motion to Abstain and/or Motion to Remand, (doc. 5), is due to be

granted in part and denied in part.

On June 2, 2005, plaintiff filed a Complaint against defendant alleging state-law

causes of action based on defendant's reporting as delinquent a debt from which it had

released plaintiff from "any and all liability."  (Doc. 1, Ex. A, Complaint and ex. 1.)  Less

than three weeks later, on June 21, 2005, plaintiff filed a Chapter 7 Bankruptcy Petition. (*See id.*, Ex. B, Form B1.)   In her bankruptcy petition, plaintiff did not list her case against defendant as an asset of her estate. (*Id.*, Schedule B.)  Because plaintiff's pre-petition causes of action are property of her Chapter 7 bankruptcy estate, she does not have standing to pursue them. *Parker v. Wendy's International, Inc.*, 365 F.3d 1208, 1272 (11th Cir. 2004). As a result, this court has no jurisdiction and the case is due to be remanded.

"[I]nferior federal courts are courts of limited jurisdiction.  They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)(quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is *powerless* to continue," and "'the only function remaining to the court is that of announcing that fact and dismissing the cause.'" *Id*. at 410 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).  When a district court determines that it does not have jurisdiction over a case that has been removed from state court, such case "shall be remanded," 28 U.S.C. § 1447(c); "[t]his provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court," *University of South Alabama*, 168 F.3d at 410.

The court notes that, in order for plaintiff to invoke this court's Article III jurisdiction, she must have standing.  The Supreme Court has held:

2

In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.  This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.  In both dimensions it is founded in concern about the proper – and properly limited – role of the courts in a democratic society.

In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III.  This is the threshold question in every federal case, determining the power of the court to entertain the suit.  As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a ***personal*** stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.  The Art. III judicial power exists ***only*** to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally.  A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action . . . .

*Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)(internal quotations, citations, and footnotes omitted; emphasis added).

"Essentially, 'the question is whether the person whose standing is challenged is a proper party to request an adjudication o[f] a particular issue and not whether the issue itself is justiciable'."  *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984  (11th Cir. 1990)(quoting *Flast v. Cohen*, 392 U.S. 83, 99 (1968)).  The Eleventh Circuit has held that the "trustee, as the representative of the bankruptcy estate, is the . . . ***only*** party with standing to prosecute causes of action belonging to the estate."  *Parker*, 365 F.3d at 1272(citing 11 U.S.C. § 323; *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)(emphasis

3

added).  The court finds that only the bankruptcy trustee has standing to pursue plaintiff's

pre-petition causes of action against defendant.

Because plaintiff lacks standing to pursue her pre-petition causes of action, this court

lacks jurisdiction.  Therefore, this case will be remanded to the Circuit Court of Jefferson

County, Alabama.

An Order granting plaintiff's Motion to Remand and denying as moot her Motion to

Abstain will be entered contemporaneously with this Memorandum Opinion.[1]

**DONE**, this 28th day of March, 2006.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[1]The court has been informed that plaintiff's bankruptcy petition was discharged shortly after this case was removed from state court.  Thus, even if the court had taken jurisdiction over the case, once plaintiff was no longer in bankruptcy, the case should have been remanded pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."